JOYCE JOHNSON, Appellant, v. STEEL, Incorporated; STANLEY JOHNSON; SOPHIE WEINER and CONSTANCE JOHNSON, Respondents.

No. 14649

March 29, 1984                                        678 P.2d 676

*Ward & Maglaras,* Las Vegas, for Appellant.

*John Peter Lee* and *Daniel Marks,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*[1]

Appellant Johnson is a minority stockholder, holding 42.95 percent of the stock in respondent corporation, Steel, Incorporated. In the court below Johnson sought dissolution of the corporation and relief in a shareholder's derivative suit. Summary judgment was entered against her in the dissolution suit, and the derivative suit was dismissed. She now appeals.[2]

In granting summary judgment, the district court must take great care. Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963); McColl v. Scherer, 73 Nev. 226, 315 P.2d 807

---

[1]THE HONORABLE THOMAS L. STEFFEN voluntarily disqualified himself from consideration of this appeal.

[2]The district court's disposition of the second count of the amended complaint is not contested in this appeal.

(1957). In determining whether a summary judgment is proper, the non-moving party is entitled to have the evidence and all inferences therefrom accepted as true. Nehls v. Leonard, 97 Nev. 325, 630 P.2d 258 (1981); Bowyer v. Davidson, 94 Nev. 718, 584 P.2d 686 (1978); Potter v. Mutual Benefit Life Ins. Co., 93 Nev. 90, 560 P.2d 914 (1977). NRCP 56 authorizes a summary judgment only where there are no genuine issues of material facts and the moving party is entitled to a judgment as a matter of law. Bader Enterprises, Inc. v. Becker, 95 Nev. 807, 603 P.2d 268 (1979); Short v. Hotel Riviera, Inc., above.

In the case at hand, the supplemental affidavit which supported the appellant's motion for a receiver raises various factual issues. Johnson claims that the directors and officers misappropriated substantial amounts of corporate funds and allowed corporate assets to be used by another corporation privately owned and operated by the defendant directors and officers. Such factual discrepancies are material under NRS 78.650.

The district court's denial of appellant's motion for the appointment of a receiver *pendente lite* does not preclude the appellant from asserting her stated claims. The use of a receiver *pendente lite* is an ancillary remedy used to preserve the value of assets pending outcome of the principal case. *See* Bowler v. Leonard, 70 Nev. 370, 269 P.2d 833 (1954). The appointment determines no substantive rights between the parties but is merely a means of preserving the status quo. Isaac v. Milton Mfg. Co., 33 F.Supp. 732 (1940). Accordingly, an order appointing a receiver or denying a motion to appoint a receiver is not a final judgment on the merits. C & H Const. & Paving Co. v. Citizens Bank, 597 P.2d 1190 (N.M.Ct.App. 1979); Isaac v. Milton Mfg. Co., above; Lloyds of Texas v. Bobbitt, 55 S.W.2d 803 (Tex.Ct.App. 1932); State v. Mulloy, 43 S.W.2d 806 (Mo. 1931). The doctrine of *res judicata* was therefore improperly applied by the district court. C & H Const. & Paving Co. v. Citizens Bank, above.

Since material issues of fact exist, and the plaintiff's claim is not barred by the application of *res judicata,* it was error for the district court to grant a summary judgment on the first count of appellant's amended complaint.

The appellant's third count of the amended complaint is a derivative action suit brought under NRCP 23.1. The count alleges that the current directors and controlling shareholders have wrongfully appropriated corporate assets from Steel

Incorporated. Specifically, it is contended that Stanley Johnson, director and chief executive officer of Steel Inc., received over $650,000 in excess of the 8.17 percent of gross revenues allotted to him as a salary and that the remaining officers and directors knew of and acquiesced in such overpayment.

The defendants moved to dismiss under NRCP 12(b)(5) on the ground that the plaintiff had never made a demand upon the board for relief and had thus failed to exhaust her internal corporate remedies. The district court granted the defendant's motion.

Under NRCP 23.1, when filing a complaint for a derivative action, plaintiff must "allege with particularity the efforts, if any . . . to obtain the action he desires from the directors . . . and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort."

A well recognized exception to the demand requirement is where demand would be futile. Where the board participated in the wrongful act or is controlled by the principal wrongdoer, it is generally held that no demand is needed. Walden v. Elrod, 72 F.R.D. 5 (1976); Barr v. Wackman, 329 N.E.2d 180 (N.Y.Ct.App. 1975). Since the board is itself involved in the dispute, it is less likely that the action will be vigorously prosecuted. *See* Cohen v. Industrial Finance Corporation, 44 F.Supp. 491 (1942).

In the present case all of the current directors and remaining shareholders in this closely held corporation have been named as defendants. Stanley Johnson owns 42.95 percent of Steel Inc., sits on the board of directors, and acts as the corporation's chief executive officer. The complaint alleges that Stanley Johnson misappropriated $650,000 over his authorized salary. Stanley's present wife, Constance Johnson, also occupies a seat on the board of directors, though she personally does not own any shares in the corporation. The complaint alleges that she knew of and acquiesced in the unauthorized appropriations by Stanley Johnson. As Stanley's wife, Constance would stand to benefit by any misappropriations by her husband. It is doubtful that she would vigorously pursue any action on behalf of the corporation to seek reimbursement for the unauthorized payments. Finally, Sophie Weiner, who owns over 10 percent of the corporation, is the remaining director on the board. Ms. Weiner, along with Stanley Johnson, is an officer of another corporation which allegedly has been allowed to use Steel Inc.'s equipment and property without having to pay

for that use. It is apparent that Ms. Weiner's business relationships with Mr. Johnson and the competing corporation would prevent her from fairly pursuing an action on behalf of the minority shareholders.

Since a quorum of disinterested directors or shareholders cannot be assembled to appraise the merits of Joyce Johnson's claims, notice upon the board of directors would be a futile and ritualistic act. The district court's granting of a motion to dismiss for failure to make such a demand was therefore in error. Accordingly, the district court's order is reversed and the matter remanded with leave being granted to Johnson to amend her complaint if she so wishes.

MANOUKIAN, C. J., and SPRINGER and GUNDERSON, J.J., and FONDI, D. J.[3], concur.