KROEGER PROPERTIES & DEVELOPMENT, INC., A NEVADA CORPORATION, AND KROEGER PROPERTIES, INC., A CALIFORNIA CORPORATION, APPELLANTS, v. THE BOARD OF COUNTY COMMISSIONERS, AND THE TREASURER AND EX-OFFICIO TRUSTEE OF THE COUNTY OF DOUGLAS, STATE OF NEVADA, RESPONDENTS.

No. 15624

October 17, 1985 707 P.2d 544

*Joseph I. Cronin,* Minden, for Appellants.

*Brent Kolvet,* District Attorney, *Stephen C. Balkenbush,* Chief Deputy District Attorney, Douglas County, for Respondents.

## OPINION

*Per Curiam:*

On December 15, 1977, the Douglas County Treasurer held a tax sale and sold Lot 63 and Lot 75 of Kingsbury Village Unit No. 5. The owner of that property, appellant Kroeger Properties and Development, Inc. (Kroeger), filed a complaint against the Board of County Commissioners, the treasurer, and the ex-officio trustee of Douglas County (Douglas County), alleging that the sales of Lots 63 and 75 were illegal and void because of non-compliance with Nevada statutes. Specifically, Kroeger alleged it did not receive the notice of sale required by NRS 361.565.

Douglas County filed a motion for summary judgment claiming that the present action was barred by *res judicata* and collateral estoppel. Douglas County alleged that the parties had previously litigated the issue of notice in an earlier lawsuit. The district court agreed and granted summary judgment in favor of Douglas County.

"NRCP 56 authorizes a summary judgment only where there are no genuine issues of material facts and the moving party is entitled to a judgment as a matter of law." Johnson v. Steel, Incorporated, 100 Nev. 181, 183, 678 P.2d 676, 678 (1984).

Douglas County bore the burden of proving that the issue of notice had been litigated. Kroeger's verified pleading in the earlier lawsuit states that notice was received as to all the property Kroeger owns. However, Kroeger claims the previous litigation did not involve Lots 63 and 75. Although the district court in the earlier litigation found that Douglas County sent the requisite notice to Kroeger on all Douglas County properties owned by Kroeger, there is no specific finding that notice was sent on Lots 63 and 75. Additionally, Douglas County admitted in a response to request for admissions that the requisite notice for the sale of Lots 63 and 75 had not been sent to Kroeger. This admission was not withdrawn when Douglas County amended its answer to assert the defenses of *res judicata* and collateral estoppel.

"In determining whether a summary judgment is proper, the non-moving party is entitled to have the evidence and all inferences therefrom accepted as true." Johnson v. Steel, Incorporated, 100 Nev. at 183, 678 P.2d at 677; *see also* Nehls v.

Leonard, 97 Nev. 325, 630 P.2d 258 (1981). Looking at the facts in a light most favorable to Kroeger, there still exists a genuine issue as to the fact of notice. Accordingly, the judgment of the district court is reversed and the case is remanded for trial.