JERRY WILTSIE, APPELLANT, v. BABY GRAND CORPORATION D/B/A MAXIM HOTEL & CASINO, RESPONDENT.

No. 19265

May 26, 1989                                774 P.2d 432

*Richard Segerblom,* Las Vegas, for Appellant.

*Moran & Weinstock,* Las Vegas, for Respondent.

---

[3]The Honorable David R. Gamble, Judge of the Ninth Judicial District, was designated by the Governor to sit in the place of THE HONORABLE CLIFF YOUNG, Chief Justice, who voluntarily disqualified himself. Nev. Const., art. 6, § 4.

## OPINION

*Per Curiam:*

Respondent, Baby Grand Corporation d/b/a Maxim Hotel & Casino hired appellant, Jerry Wiltsie as a poker room manager. Subsequently, respondent terminated appellant. Appellant filed a complaint against respondent alleging that he had been terminated after he reported illegal conduct of his supervisor to respondent. Respondent filed its answer to the complaint denying appellant's allegation and setting forth several affirmative defenses. Subsequently, respondent filed a motion for summary judgment on the grounds that appellant had failed to state a claim upon which relief could be granted. Appellant maintained that he had a cause of action for wrongful termination in violation of public policy and requested additional time in which to conduct discovery pursuant to NRCP 56(f). The district court granted respondent summary judgment. This appeal followed.

Appellant contends that the district court erred in granting summary judgment because he has a cause of action for retaliatory discharge. Appellant first contends that this court should recognize the tort of retaliatory discharge where an employee is terminated for reporting illegal conduct of his employer. Secondly, appellant contends, if such a tort is recognized, that a genuine issue of material fact exists as to whether he was fired in retaliation for reporting illegal conduct on the part of his supervisor.

Summary judgment is appropriate only when the moving party is entitled to judgment as a matter of law, and no genuine issue of material fact remains for trial. NRCP 56(c); Morrow v. Barger, 103 Nev. 247, 737 P.2d 1153 (1987). In determining whether summary judgment is proper, the nonmoving party is entitled to have the evidence and all reasonable inferences accepted as true. *See* Johnson v. Steel, Inc., 100 Nev. 181, 678 P.2d 676 (1984).

In order to recognize the tort of retaliatory discharge, this court must find that firing an at-will employee for reporting illegal

conduct of his employer violates an established public policy of this state. *See* Hanson v. Harrah's, 100 Nev. 60, 675 P.2d 394 (1984). Other courts have recognized that public policy protects workers who report illegal activity in their jurisdictions. *See* Harless v. First Nat'l Bank in Fairmont, 246 S.E.2d 270 (W.Va. 1978); Petrik v. Monarch Printing Corp., 444 N.E.2d 588 (Ill.App. 1982); Brown v. Physicians Mut. Ins. Co., 679 S.W.2d 836 (Ky.App. 1984).

No public policy is more basic than the enforcement of our gaming laws. "We believe that whistleblowing activity which serves a public purpose should be protected. So long as employees' actions are not merely private or proprietary, but instead seek to further the public good, the decision to expose illegal or unsafe practices should be encouraged." Wagner v. City of Globe, 722 P.2d 250, 257 (Ariz. 1986). In this case appellant alleged that he was discharged for reporting illegal activity to his supervisor. Because appellant chose to report the activity to his supervisor rather than the appropriate authorities, he was merely acting in a private or proprietary manner. *Cf.* Zaniecki v. P. A. Bergner & Co., 493 N.E.2d 419 (Ill.App. 1986) (reporting suspected illegal activity to a supervisor is a purely private action). Thus, even accepting appellant's allegations as true, he is not protected in this case. Therefore, the district court did not err in granting summary judgment.[1] Accordingly, the judgment of the district court is affirmed.

---

[1]Appellant also suggests that the district court abused its discretion by granting summary judgment at this stage of the proceedings because he had asked for additional time in which to conduct discovery. This court has held that it is an abuse of discretion for a district court to grant summary judgment where a request for discovery is made early in the proceedings. *See* Halimi v. Blacketor, 105 Nev. 105, 770 P.2d 531 (1989); Harrison v. Falcon Products, 103 Nev. 558, 746 P.2d 642 (1987). However, because appellant has no cause of action in this case, additional discovery would be of no use. Therefore, the district court did not abuse its discretion by granting summary judgment.