OMEGA CONCRETE, INC., a Nevada Corporation, Appellant, v. INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania Corporation; ALAMO INSURANCE AGENCY, INC., a Nevada Corporation; and ALICIA MARGARET SHYDLER, an Individual, Respondents.

No. 22087

May 13, 1992                        830 P.2d 1330

*David A. Stephens,* Las Vegas, for Appellant.

*Thorndal, Backus, Maupin & Armstrong* and *Brian Terry,* Las Vegas, for Respondents Alamo Insurance Agency, Inc. and Alicia Margaret Shydler.

*Pearson & Patton* and *Theodore J. Kurtz,* Las Vegas, for Respondent Insurance Company of North America.

## OPINION

*Per Curiam:*

In August 1989, appellant, Omega Concrete, Inc. (Omega), purchased an insurance policy from the Insurance Company of

North America (INA). The policy covered Omega's equipment and vehicles. Omega arranged the purchase through insurance agent Margaret Shydler, an employee of the Alamo Insurance Agency (Alamo). Ms. Shydler procured financing for Omega through Western Acceptance Corporation (WACO). INA, Ms. Shydler, Alamo and WACO are all respondents in this appeal.

Omega's policy required that Omega tender a premium payment of $1,279.86 by the twelfth day of each month. Accordingly, Omega's first payment came due on September 12, 1989. Omega failed to make this payment. Consequently, on September 13, 1989, WACO mailed a notice of intent to cancel Omega's policy. The notice indicated that the policy would be cancelled effective September 24, 1989, unless Omega remitted payment by that date. In response, Linda Ruiz, an Omega employee, contacted Ms. Shydler to discuss a possible late payment. According to Ms Ruiz, Ms. Shydler indicated that if Omega paid $2,500.00 by September 28, 1989, and $2,584.00 by October 5, 1989, the insurance coverage would not be interrupted. These amounts were more than twice what Omega would otherwise have paid. Subsequently, on September 28, Omega delivered a check for $2,500.00 to Ms. Shydler.

On October 4, 1989, Greg Ruiz, Ms. Ruiz' son and an Omega employee, was involved in an accident while driving an Omega truck. Ms Ruiz tried to contact Ms. Shydler many times that day but was unsuccessful. On the following day, October 5, Gaelynn Ribeiro, also an Omega employee, was finally able to reach Ms. Shydler by telephone. Ms. Ribeiro explained to Ms. Shydler that an accident had occurred on October 4. Additionally, Ms. Ribeiro offered to hand deliver to Ms. Shydler the October 5 payment of $2,584.00. Ms. Shydler, however, refused to accept the payment. Instead, she indicated that Omega would have to take the balance of $2,584.00 directly to WACO. Additionally, Ms. Shydler stated that Omega should include a letter with the payment stating that Omega understood that WACO might not guarantee coverage for the October 4 accident.

Ms. Ribeiro therefore concluded that Ms. Shydler would no longer accept payment from Omega and that WACO would not provide coverage for the accident. Consequently, Omega did not tender the second premium payment. Thereafter, INA denied coverage.

Omega filed a complaint for declaratory relief, seeking to compel the respondents to provide insurance coverage for the accident. Omega contended that Ms. Shydler's conduct caused Omega to forgo making the October 5 payment. Subsequently, the respondents moved for dismissal. On July 18, 1990, the court heard the motion to dismiss, which it converted to a motion for

summary judgment;[1] on January 15, 1991, the court granted summary judgment to the respondents based on its finding that Omega had not tendered the October 5 premium payment.

On appeal, Omega contends that the district court erred when it granted summary judgment and thus denied insurance coverage. We agree. Summary judgment is appropriate only when no genuine issue of fact remains for trial and one party is entitled to judgment as a matter of law. In determining whether summary judgment is proper, a court must view the evidence in the light most favorable to the party against whom summary judgment is sought. Wiltsie v. Baby Grand Corp., 105 Nev. 291, 774 P.2d 432 (1989).

Initially, we note that the dispositive issue in this case is not whether Omega tendered the October 5 payment, but whether Omega tendered the September 28 payment. We conclude that if Omega tendered the September 28 payment of $2,500.00, twice the amount that was owed on September 12, then Omega purchased coverage at least until October 5, the time the next payment was due. Thus, we hold that as a matter of law, Omega was entitled to continuous insurance coverage through October 4 as long as Omega actually made the September 28 payment. Accordingly, we instruct the district court to enter summary judgment for Omega if the district court determines that Omega in fact made the September 28 payment. Conversely, if the district court determines that Omega failed to render the September 28 payment, the court shall re-enter summary judgment for the respondents.

We therefore reverse the district court's grant of summary judgment and remand this case for further proceedings consistent with this opinion.

---

[1]Since Omega's opposition to the motion to dismiss contained two affidavits, and the court determined that Omega had stated a cause of action, the court, pursuant to NRCP 12(b), treated the motion as one for summary judgment.