ADOLPH DOBBS, Appellant, *v.* SUMMA CORPORATION, a Delaware Corporation Authorized to do Business in the State of Nevada, Respondent.

No. 21899

SUMMA CORPORATION, a Delaware Corporation Authorized to do Business in the State of Nevada, Appellant, *v.* ADOLPH DOBBS, Respondent.

No. 22090

July 2, 1992 833 P.2d 1130

---

[Rehearing denied November 11, 1992]

*Stanley W. Pierce,* Las Vegas, for Appellant/Respondent Adolph Dobbs.

*Lefebvre, Barron & Oakes,* Las Vegas, for Respondent/ Appellant Summa Corporation.

## OPINION

*Per Curiam:*

Appellant Adolph Dobbs (Dobbs) was the head porter at the Castaways Hotel and Casino in Las Vegas from September 1981 until May 1985. Castaways was owned by Summa Corporation (Summa). At the start of his job, Dobbs was a member of the Culinary Union. During the term of Dobbs' employment, the union went on strike. At the urging of his superior, Cubby Knight (Knight), Dobbs resigned from the union in order to keep working during the strike. Knight promised Dobbs that the company would protect his job if he resigned from the union. Castaways typed a letter of resignation and Dobbs was told he should sign it. Dobbs reads at a fourth grade level and only recognizes some written words. No one read the resignation letter to Dobbs.

As a result of continuing to work during the strike and crossing the picket line, Dobbs was very concerned about his rights and benefits. He spoke to the president of Castaways, Mr. Friedman (Friedman), about his concerns on several occasions. Friedman and Dobbs had a close relationship. Friedman liked Dobbs very much and they spent a great deal of time talking about Dobbs' job

rights and also about general topics such as sports and personal matters such as Mrs. Dobbs' serious medical problems. Friedman assured Dobbs that he had done the right thing in resigning from the union. Friedman also told Dobbs that the company would protect him and that he would always have a job.

On at least two occasions, Dobbs transported T-shirts between the casino's warehouse and the casino. On August 8, 1985, an unnamed person wrote an anonymous letter to Friedman accusing Dobbs of stealing T-shirts from the company warehouse. Friedman believed Dobbs was either giving away the T-shirts or selling them for $2.00 each. Dobbs vehemently denied stealing and told company officials that he had been given some T-shirts and that he found discarded T-shirts occasionally when he was cleaning the casino. He said he never sold any of the T-shirts, but that he did give some away. Dobbs was fired for stealing the T-shirts.

Dobbs brought suit for wrongful termination. Summa moved for summary judgment, arguing that Dobbs was bound by the union grievance process and contended that because Dobbs did not exhaust his administrative remedies through the union, he was barred from bringing suit in district court. In opposition, Dobbs argued that Summa was estopped from arguing exhaustion of administrative remedies, because it had not informed Dobbs that he had a right to a grievance procedure and that Summa should not be able to take advantage of its own misconduct. The district court granted summary judgment in favor of Summa on the basis of Dobbs' failure to exhaust his administrative remedies. Summa then moved from an award of attorney's fees and costs. The district court denied the motion. Dobbs appeals the grant of summary judgment in favor of Summa (No. 21899), and Summa appeals the denial of attorney's fees and costs (No. 22090).

## DISCUSSION

Dobbs argues on appeal that Summa was estopped from asserting the defense of failure to exhaust administrative remedies because Summa told Dobbs that he lost the right to a grievance proceeding when he resigned from the union. Summa argues that Dobbs' theory before the district court was that its president, Friedman, simply failed to inform Dobbs that he had a right to a grievance proceeding and may not now assert the theory of affirmative misrepresentation on appeal.

It is true that Dobbs consistently argued to the district court that Summa remained silent and failed to inform Dobbs that he had a right to file a grievance with the union. However, Dobbs also included the following language in his supplement to plaintiff's opposition to summary judgment:

> These same facts if accepted by the jury estopps [sic] Summa from asserting its defense of failure to exhaust administrative remedies *where it is the one who prevented Dobbs from proceeding with the grievance procedure by its representation to Dobbs that he had lost any rights to that procedure.*

(Emphasis added.) Dobbs' theory that Summa prevented him from availing himself of the union grievance procedures was therefore before the district court and is not newly asserted on appeal.

Summa also contends that there is no evidence in the record that it affirmatively misrepresented Dobbs' rights to him and that the record is devoid of any evidence necessary to invoke the doctrine of estoppel. We disagree. The elements of estoppel are set forth in Cheqer, Inc. v. Painters & Decorators, 98 Nev. 609, 655 P.2d 996 (1982). Whether the elements of estoppel are met depends on the facts and circumstances of the case. *Id.*

There is evidence that Friedman told Dobbs that he lost the right to a grievance proceeding when he resigned from the union. In his deposition, Friedman stated:

> [Dobbs] was one of the first people to cross the picket line in a strike, and he had a great deal of concern about what it did to his legal rights, and I spent several occasions describing to him the impact on his legal rights, and what it would do to his standing with the union and his right to this pension fund, his right to his health insurance, the right to the hiring hall, and *the right to the grievance procedure . . . .*

(Emphasis added.) "In determining whether summary judgment is proper, the nonmoving party is entitled to have the evidence and all reasonable inferences accepted as true." Wiltsie v. Baby Grand Corp., 105 Nev. 291, 292, 774 P.2d 432, 433 (1989). The reasonable inference derived from Friedman's deposition testimony is that he advised Dobbs that if he resigned from the union, he would lose, *inter alia,* the right to a union grievance procedure.

There is a material question of fact regarding whether Summa told Dobbs he did not have a right to a grievance proceeding or whether Summa merely remained silent. The resolution of this factual dispute will determine whether Summa should be estopped from asserting its defense of failure to exhaust administrative remedies. Summary judgment was inappropriate in light of the dispute over this material issue of fact.

We hereby reverse the district court's order granting summary judgment to Summa. It is therefore not necessary for this court to reach Dobbs' other assertion of error nor the issue on appeal in No. 22090.

Accordingly, we remand this matter to the district court for a full trial on the merits of the case.