Maupin, J.,
concurring and dissenting:
I agree with the “mixed motives” analysis espoused by the majority and that, in an action alleging wrongful discharge for refusal to participate in illegal conduct, a plaintiff is not required to plead and prove that he or she was given an express choice to *1327 comply or not comply. I disagree, however, with the majority conclusion that an employee seeking damages for “tortious discharge” in connection with “whistleblowing” should not be required to prove that the employer’s conduct as reported was actually illegal. In Sands Regent v. Valgardson, 105 Nev. 436, 777 P.2d 898 (1989), this court, as noted by the majority, stated that “public policy tortious discharge actions are severely limited to those rare and exceptional cases where the employer’s conduct violates strong and compelling public policy.” Id. at 440, 111 P.2d at 900 (footnote omitted).
The Nevada legislature has not seen fit to abrogate the common law rule concerning “at-will” employment. See Southwest Gas Corp. v. Ahmad, 99 Nev. 594, 596, 668 P.2d 261, 263 (1983). (Steffen, J., dissenting). Employment is presumptively “at will,” subject to certain exceptions, such as when the employee enjoys a contract, express or implied, of continued employment; or where termination of the employee offends a well-recognized public policy consideration. See Western States Minerals Corp. v. Jones, 107 Nev. 704, 712, 819 P.2d 206, 211-12 (1991); Hansen v. Harrah’s, 100 Nev. 60, 675 P.2d 394 (1984).
Whistleblowing is properly protected conduct when the employee has acted for the public good and not in pursuit of private interests. See Wiltsie v. Baby Grand Corp., 105 Nev. 291, 774 P.2d 432 (1989). Thus, liability should be conditioned upon a finding that the employer’s reported conduct was either in violation of law or a strong and compelling public policy of this state. If the conduct is not found to be illegal, no public policy is served by the whistleblowing, the employer is forced to retain a hostile employee who it otherwise has the right to discharge, and the employer is forced to keep an otherwise at-will employee when the employer has done nothing wrong. Thus, the majority, in my view, creates an exception to the at-will presumption that should be left to the legislature.