**Linda LONG, Plaintiff–Appellant,**

v.

**CAESARS PALACE CORPORATION, Defendant–Appellee.**

No. 01–15696.

D.C. No. CV–99–00630–LDG.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 15, 2001.

---

mature notice of appeal. *See Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680–81 (9th Cir.1980).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

## MEMORANDUM **

Linda Long appeals pro se the district court's summary judgment for defendant in her wrongful termination action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

■ Although Long identifies certain evidence which she contends the district court did not consider before it granted summary judgment to defendant, Long did not present that evidence to the district court. Long's unexplained failure to present evidence sufficient to create a genuine issue of material fact does not warrant reversal of the district court's grant of summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Karmun v. Comm'r*, 749 F.2d 567, 570 (9th Cir.1984) (explaining that an appellate court will not consider evidence that has not been presented to the district court).

■ The district court did not err by granting summary judgment on Long's breach of contract and breach of the covenant of good faith and fair dealing claims because Long did not rebut the presumption that her employment was at-will, and therefore could be terminated without cause. *See Vancheri v. GNLV Corp.*, 105 Nev. 417, 777 P.2d 366, 369 (1989) (per curiam) ("General expressions of long term employment or job advancement do not convert an at-will employment contract to a termination only for cause contract.").

Long's age discrimination in violation of public policy claim fails because Nevada does not recognize age discrimination as a public policy exception to its at-will employment presumption. *See Sands Regent v. Valgardson,* 105 Nev. 436, 777 P.2d 898, 900 (1989) (per curiam).

Long's various claims for termination in retaliation for whistle-blowing fail because Long complained only to her supervisors, rather than the appropriate public authorities. *See Wiltsie v. Baby Grand Corp.,* 105 Nev. 291, 774 P.2d 432, 433–34 (1989) (per curiam).

Long's contention that the district court ignored her claim for harassment lacks merit because Long did not allege a cause of action for harassment in her complaint. *See Stallcop v. Kaiser Found. Hosp.,* 820 F.2d 1044, 1050 n. 5 (9th Cir.1987).

AFFIRMED.