Audrey BIELSER, Plaintiff—Appellant,

v.

PROFESSIONAL SYSTEMS
CORPORATION, Defendant—Appellee.

No. 04–16344.

D.C. No. CV–03–00557–ECR/RAM.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2006.*

Decided April 18, 2006.

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiff-Appellant.

Rew R. Goodenow, Esq., Marshall Hill Cassas & De Lipkau, Reno, NV, for Defendant-Appellee.

Before SCHROEDER, Chief Judge, TROTT, Circuit Judge, and RHOADES,** District Judge.

## MEMORANDUM ***

Audrey Bielser appeals the district court's grant of summary judgment on her claim for tortious discharge against her former employer Professional Systems Corporation ("PSC"). Bielser claims that PSC retaliated against her for disclosing to management that PSC was fraudulently and illegally overcharging one of its clients; conduct she argues constituted protected whistleblowing activity.

Over the course of her employment, Bielser claims that she discovered that PSC was fraudulently and illegally overcharging one of its clients. She pointed out PSC's fraudulent and potentially illegal activities to its management, including the Chief Executive Officer. Shortly thereafter, on or about March 27, 2003, PSC

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

terminated Bielser's employment. She then brought suit for tortious discharge.

To establish a prima facie case of wrongful termination, an employee must demonstrate: 1) a protected activity; 2) an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action. *See Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1464 (9th Cir.1994). That is, a plaintiff must make a showing that he was fired "because of" engaging in a protected activity. *Id.* Under Nevada law, an employer may fire an at-will employee for any reason or for no reason at all. *Dillard Dep't Stores, Inc. v. Beckwith,* 115 Nev. 372, 989 P.2d 882, 884–85 (1999) (en banc). Like most states, however, Nevada also recognizes a public policy exception to at-will employment. *Id.* Where an employer terminates an employee in violation of public policy, the terminated employee may bring a cause of action for tortious discharge. *Id.*

Here, Bielser's claim is for tortious discharge in retaliation for protected whistleblowing activity. The Supreme Court of Nevada first recognized this claim in *Wiltsie v. Baby Grand Corp.,* 105 Nev. 291, 774 P.2d 432 (1989) (per curiam). The Nevada court's holding in *Wiltsie* governs the instant case.

In *Wiltsie,* the plaintiff, a poker room manager, alleged that he was fired for reporting the illegal conduct of his supervisor to his employer. 774 P.2d at 433. The court held that "firing an at-will employee for reporting illegal conduct of his employer violates an established public policy of [Nevada]," namely, the enforcement of the law. *Id.* Having established that a tortious discharge claim can be maintained in the whistleblowing context, however, the court went on to hold that the plaintiff did not meet the requirements for such a claim. Specifically, the court held that an employee must expose her employer's illegal activity to the proper authorities to be entitled to protection. *Id.* The court explained that whistleblowing activity is entitled to protection only when the employee's actions "are not merely private or proprietary, but instead seek to further the public good." *Id. (quoting Wagner v. City of Globe,* 150 Ariz. 82, 722 P.2d 250, 257 (1986)). Because the plaintiff "chose to report the activity to his supervisor rather than the appropriate authorities," the court held that "he was merely acting in a private or proprietary manner." *Id.* Hence, the plaintiff was not entitled to protection.

Nevada precedent is clear, therefore, that unless an employee reports the employer's allegedly illegal activity to authorities outside of the company, he or she cannot claim protected whistleblower status. Bielser, like the employee in *Wiltsie,* only internally reported PSC's allegedly illegal conduct. Her failure to report to the authorities PSC's conduct is fatal to her tortious discharge claim.

Bielser also argues the separate claim of tortious discharge for an employer's retaliation against an employee who refuses to participate in illegal activity. Several decisions of the Nevada Supreme Court recognize a claim for tortious discharge in this context, but the record is clear that Bielser's activity does not conform to such a claim. Even so, Bielser argues that since an employee's refusal to participate in illegal conduct without publicly reporting such conduct is sufficient to establish a claim for tortious discharge, internal reporting of illegal conduct to one's employer is also sufficient to establish a case of tortious discharge based on whistleblowing. Bielser improperly conflates these two different public policy exceptions to the at-will employment rule.

There is a clear distinction under Nevada law between cases in which an employee is asked by her employer to participate

in conduct violative of public policy and those in which the employee merely discovers that her employer is engaged in illegal conduct and reports it to someone. *See Allum v. Valley Bank of Nev.,* 114 Nev. 1313, 970 P.2d 1062, 1066–68 (1998). Because the two claims are distinct under Nevada law, it would be improper to conflate their requirements as to a claim for tortious discharge. Furthermore, there is no Nevada precedent supporting Bielser's argument that the two claims should be read together to recognize that an internal report of illegal conduct to one's employer is sufficient to establish a case of tortious discharge based on whistleblowing.

Nevada law is clear as to what constitutes protected whistleblowing activity. Because Bielser only reported PSC's allegedly illegal conduct internally, she cannot claim whistleblower protection. We, therefore, AFFIRM the district court's grant of PSC's motion for summary judgment on Bielser's tortious discharge cause of action.

AFFIRMED.