**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAWN VAN ASDALE; LENA VAN ASDALE,<br><br>       Plaintiffs - Appellees,<br><br>  v.<br><br>INTERNATIONAL GAME TECHNOLOGY,<br><br>       Defendant - Appellant. | No. 11-16538<br><br>D.C. No. 3:04-cv-00703-RAM<br><br>MEMORANDUM* |
| SHAWN VAN ASDALE; LENA VAN ASDALE,<br><br>       Plaintiffs - Appellants,<br><br>  v.<br><br>INTERNATIONAL GAME TECHNOLOGY,<br><br>       Defendant - Appellee. | No. 11-16626<br><br>D.C. No. 3:04-cv-00703-RAM |

Appeal from the United States District Court
for the District of Nevada

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Robert A. McQuaid, Magistrate Judge, Presiding

Argued and Submitted September 10, 2013
San Francisco, California

Before: WALLACE, THOMAS, and BYBEE, Circuit Judges.

After this court reversed the district court's summary judgment in favor of International Game Technology (IGT), a jury found IGT liable under the whistleblower-protection provisions of the Sarbanes-Oxley Act. IGT appeals from the district court's denial of its post-trial motion for judgment as a matter of law. It also appeals the damages awarded to Shawn Van Asdale and the pre-judgment interest, costs, and fees awarded to Shawn and Lena Van Asdale. The Van Asdales cross-appeal the district court's summary judgment in favor of IGT on their state-law claims and from the court's refusal to certify an issue to the Nevada Supreme Court.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I. *IGT's appeal*

A. We will uphold a district court's decision denying a motion for judgment as a matter of law unless "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is

2

contrary to the jury's verdict." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 999 (9th Cir. 2008).

IGT argues that the district court erred by denying its motion for judgment as a matter of law because no reasonable jury could have concluded that the Van Asdales proved the elements of their Sarbanes-Oxley claims. Specifically, it argues that no reasonable jury could decide that the Van Asdales had an objectively reasonable belief that shareholder fraud occurred or that they reported the suspected fraud to the sole decision maker.

We disagree. Previously, we held that "it was objectively reasonable for Shawn and Lena to suspect that the non-disclosure of the Flyer prior to the merger could have been deliberate." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1001 (9th Cir. 2009) ("*Van Asdale I*"). In *Van Asdale I*, we also explained that the Van Asdales' supervisors knew of their whistleblowing because of Shawn's conversations with Ms. Brown and Mr. Pennington and the Van Asdales' meeting with Mr. Johnson. *Id.* at 1002-03. Because there was substantial evidence at trial for the jury to conclude, as we did, that the Van Asdales disclosed their objectively reasonable suspicions to their supervisors, the verdict was not unreasonable.

3

B.  Next, IGT argues that the award of damages to Shawn was not supported by the evidence because the jury recognized that he failed to mitigate, but still awarded him the exact amount of his lost but unvested stock options.

IGT makes a good point that the amount of damages awarded is not likely coincidental.  Nevertheless, because the jury used a general verdict form we cannot speculate about the jury's thought process.  *Porterfield v. Burlington N. Inc.*, 534 F.2d 142, 147 (9th Cir. 1976).  And because substantial evidence supports the award, we defer to the jury's findings.  *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996).

C.  Finally, IGT argues that the district court erroneously calculated pre-judgment interest based on 29 C.F.R.§ 20.58(a).  Additionally, it contends that the court erred by using a varying interest rate because 29 C.F.R. § 20.58(a) states that interest "shall remain fixed for the duration of the indebtedness."  These are novel issues, but because IGT did not object to the pre-judgment interest rate that the district court used, we need not address them.  *Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002).[1]

## II.  *The Van Asdales' cross-appeal*

---

[1] We do not address IGT's sole argument regarding costs and fees because we affirm the judgment.

4

The Van Asdales argue that the district court mistakenly dismissed their Nevada state-law claims for tortious discharge,, interference with contractual relations, and intentional infliction of emotional distress. They also argue that the court abused its discretion by failing to certify a question regarding tortious discharge to the Nevada Supreme Court.

Nevada's tortious-discharge law states that an employee must expose an employer's illegal activity to the proper authorities, not merely to a supervisor, to be entitled to protection for whistleblowing. *Wiltsie v. Baby Grand Corp.*, 774 P.2d 432, 433 (Nev. 1989) (per curiam). Here, there is no evidence that the Van Asdales spoke to authorities.[2] Moreover, because *Wiltsie* is controlling Nevada law, there was no reason to certify a question to the Nevada Supreme Court.

Intentional interference with contractual relations requires proof that the alleged wrongdoer intentionally disrupted a contractual relationship. *Sutherland v. Gross*, 772 P.2d 1287, 1290 (Nev. 1989) (per curiam). Here, Shawn's[3] double hearsay testimony was the only evidence that IGT acted wrongfully. Because the

[2] Lena also claims she was discharged because of marital status. Her argument is waived because she did not make it before the district court. *See Pfingston v. Ronan Eng'g Co.,* 284 F.3d 999, 1003–04 (9th Cir. 2002).

[3] Lena alleges IGT interfered with her contract with Walker Digital. Because she "failed to present any argument or pertinent authority" on this claim, it is waived. *See United States v. Tisor*, 96 F.3d 370, 376 (9th Cir. 1996).

5

district court correctly determined that no hearsay exceptions or exemptions applied, there is no evidence supporting Shawn's claim.

To prove "severe or extreme emotional distress" in Nevada, a plaintiff typically must "demonstrate that he or she has suffered some physical manifestation of emotional distress." *Betsinger v. D.R. Horton, Inc.*, 232 P.3d 433, 436 (Nev. 2010). The Van Asdales have not done so here.

## III. *Conclusion*

For the foregoing reasons, the judgments in both cases are

AFFIRMED.