**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUY GRIMSLEY, | No. 12-15106 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 3:08-cv-00482-LRH-VPC |
| v. | |
| CHARLES RIVER LABORATORIES, INC., a Delaware Corporation, | MEMORANDUM[*] |
| Defendant-counter-claimant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 10, 2014[**]
San Francisco, California

Before: WALLACE, McKEOWN, and GOULD, Circuit Judges.

Guy Grimsley was employed as Director of Laboratory Sciences with

Charles River Laboratories in Sparks, Nevada. He was hired in November 2009

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and fired less than a year later after making a series of comments, many trading in derogatory gender stereotypes, that so offended a number of critical laboratory scientists that two of them resigned and another four threatened to do so.

Grimsley appeals the district court's summary judgment on his claim that he was discharged because of his "views on the treatment of animals," which he alleges derive from his British heritage, and on his claims for breach of contract, breach of the covenant of good faith and fair dealing, and tortious discharge in violation of Nevada public policy.

Grimsley's claim of national origin discrimination fails. Title VII of the Civil Rights Act prohibits discrimination on the basis of "national origin," 42 U.S.C. § 2000e-2(a)(1), and its implementing regulations prohibit discrimination on the basis of "cultural . . . characteristics of a national origin." 29 C.F.R. § 1606.1. Even were we to assume that the views Grimsley describes are "cultural . . . characteristics" of his British heritage, Grimsley has failed to rebut Charles River's evidence that it had a legitimate, nondiscriminatory reason for terminating him. *See, e.g.*, *Fragante v. City & Cnty. of Honolulu*, 888 F.2d 591, 595 (9th Cir. 1989) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–54 (1981)). Grimsley has offered no evidence that Dr. Durham, who hired and fired Grimsley, knew of Grimsley's concerns about Charles River's treatment of

animals, nor has he offered any other evidence related to that issue. As such, Grimsley has failed to produce evidence sufficient to overcome the same-actor inference or to show that Charles River's explanation for his termination was a mere "pretext for discrimination." *Burdine*, 450 U.S. at 253; *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270–71 (9th Cir. 1996).

Grimsley's claim that Charles River breached his contract by terminating him without due cause also fails. Under Nevada law, "all employees . . . are presumptively at-will employees." *Martin v. Sears, Roebuck & Co.*, 899 P.2d 551, 554 (Nev. 1995). Grimsley, whose offer letter stated that he would "be, at all times, an employee at will," failed to rebut this presumption. Although Grimsley asserts that he secured written and oral modifications of his contract via exchanges with Charles River employees, the exchanges preceded the written contract between Charles River and Grimsley, and are inadmissible under Nevada's parol evidence rule. *Kaldi v. Farmers Ins. Exch.*, 21 P.3d 16, 21–22 (Nev. 2001). In addition, nothing in the record shows that the company agreed to these asserted modifications.

Grimsley's claim that Charles River breached the implied covenant of good faith and fair dealing by terminating him without due cause is similarly misplaced because claims for "breach of contract and bad faith discharge are not applicable to

at-will employment," and because they require an "enforceable contract." *Martin,* 899 P.2d at 555.

Grimsley's claim that he was tortiously discharged in violation of Nevada public policy because he opposed the company's treatment of animals fails, whether it is construed as a whistleblowing claim or as a "refusal to violate public policy" claim. To succeed on a whistleblowing claim, Grimsley must establish that he "expose[d] h[is] employer's illegal activit[ies] to the proper authorities," but Grimsley admitted that he did not do so. *Bielser v. Prof'l Sys. Corp.*, 321 F. Supp. 2d 1165, 1168–69, 1171 (D. Nev. 2004), *aff'd mem.*, 177 F. App'x 655 (9th Cir. 2006). To succeed on the latter claim, Grimsley must establish that he had a good faith, reasonable belief that the conduct in question was illegal. *Allum v. Valley Bank of Nev.*, 970 P.2d 1062, 1068 (Nev. 1998). Here, Grimsley admitted that he had no evidence that he believed the conduct in question "violated any federal, state or local regulation or statute."

Finally, the district court did not err in denying Grimsley leave to amend his complaint to add a claim that Charles River retaliated against him by filing compulsory counterclaims. Grimsley failed to exhaust his administrative remedies as to the retaliation claim, *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002), and the retaliation claim was not reasonably related to his

original claims. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 644–45 (9th Cir. 2003). The district court lacked jurisdiction to hear the claim. *Freeman*, 291 F.3d at 636-38.

**AFFIRMED.**