An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL MCMANUS,
Appellant,
vs.
MCMANUS FINANCIAL
CONSULTANTS, INC.; MCMANUS &
CO., INC.; AND AEOLUS
PHARMACEUTICALS, INC.,
Respondents.

No. 62040

**FILED**

DEC 1 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a tortious discharge action. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant Michael McManus alleged that he was tortiously discharged from his employment with respondents McManus Financial Consultants, Inc. (MFCI) and McManus & Company, Inc. (MCI), and from his position as respondent Aeolus Pharmaceutical, Inc. (API)'s chief financial officer, because he (1) reported a purportedly illegal securities transaction involving API's stock, and (2) refused to participate in the transaction.

McManus sued MFCI, MCI, and API, alleging that he was tortiously discharged and his contractual relations with API were intentionally interfered with.[1] MFCI, MCI, and API filed a motion to

---

[1]McManus initially sued MFCI, MCI, and API in federal district court alleging a federal retaliation claim and related state law claims. *McManus v. McManus Fin. Consultants, Inc.*, No. 3:11-CV-00134-LRH-VPC, 2012 WL 937812, at *2 (D. Nev. Mar. 19, 2012), *aff'd*, 552 F. App'x 713, 714-15 (9th Cir. 2014). The federal district court dismissed his claims and declined to take supplemental jurisdiction over his state law claims. *Id.* at *4.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-41450

dismiss McManus's claims for a failure to state a claim, which the district court granted. McManus now appeals. The issue on appeal is whether the district court erred by dismissing McManus's tortious discharge claim.[2]

*The district court correctly dismissed McManus's tortious discharge claim*

In our de novo review of the district court's order dismissing a claim, "[we] will recognize all factual allegations in [a plaintiff's] complaint as true and draw all inferences in its favor." *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008).

"[A]ll employees in Nevada are presumptively at-will employees" and their "employment can be terminated without liability by either the employer or the employee at any time and for any reason or no reason" unless the termination violates "strong public policy." *Martin v. Sears, Roebuck & Co.*, 111 Nev. 923, 926-27, 899 P.2d 551, 553-54 (1995). "Terminating an employee for reasons which violate public policy gives rise to an action for tortious discharge." *Wayment v. Holmes*, 112 Nev. 232, 236, 912 P.2d 816, 818 (1996). Nevada recognizes two strong public policies limiting an employer's ability to terminate an employee that are relevant here: (1) protecting an employee who reports illegal activity to outside authorities, *Wiltsie v. Baby Grand Corp.*, 105 Nev. 291, 293, 774 P.2d 432, 433 (1989), and (2) protecting an employee who refuses to participate in conduct the employee reasonably believes is illegal. *Allum v. Valley Bank of Nev.*, 114 Nev. 1313, 1323-24, 970 P.2d 1062, 1068 (1998).

---

[2]McManus waived the issue of the dismissal of his intentional interference with contractual relations claim by not raising it in his opening brief. *Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. ___, ___ n.3, 252 P.3d 668, 672 n.3 (2011) ("Issues not raised in an appellant's opening brief are deemed waived.").

*McManus failed to state a claim of tortious discharge for reporting illegal conduct to outside authorities*

McManus argues that because he reported the purportedly illegal transaction to API's CEO, the chairman of its board, and its outside legal counsel, he engaged in protected conduct.[3]

Nevada recognizes a strong public policy protecting an employee who reports illegal conduct to outside authorities. *Wiltsie,* 105 Nev. at 293, 774 P.2d at 433. However, this policy does not protect internal reporting, as internal reporting serves an employer's private interests and not a public purpose. *Id.*

Here, McManus alleged that he reported the suspected illegal activity to three persons or entities: API's CEO, the chairman of its board, and its outside legal counsel. Because the CEO and the chairman were part of API, McManus's alleged reporting to them was unprotected internal reporting. *See id.* at 293, 774 P.2d at 433-34.

Similarly, McManus failed to allege that his reporting of illegal conduct to API's outside legal counsel is protected external reporting, because he did not allege facts to suggest that outside legal counsel was an appropriate authority which could enforce securities laws against API. *See id.* Furthermore, McManus did not allege that API's outside legal counsel was authorized to inform the government about the alleged illegal conduct without API's permission, since he failed to allege how his communications with API's outside counsel were outside of the protection afforded API under its attorney-client privilege. *See Wardleigh*

---

[3]McManus's argument that this court should overrule *Wiltsie* and protect internal reporting is without merit because McManus fails to present a compelling reason for his proposed change in law. *See Miller v. Burk,* 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) (holding that this court will not overrule precedent absent a compelling reason to do so).

*v. Second Judicial Dist. Court*, 111 Nev. 345, 352, 891 P.2d 1180, 1184-85 (1995) (observing that an employer's attorney-client privilege protects an employee's communications with the employer's attorneys); *see also* NRS 49.095(1) (codifying the attorney-client privilege). Because McManus did not allege that he engaged in protected external reporting, the district court did not err by dismissing his claim with regard to this theory.

### *McManus failed to state a claim for tortious discharge based on a refusal to participate in illegal conduct*

McManus alleged that he was tortiously discharged for refusing to participate in a securities transaction that he reasonably believed to be illegal. Though McManus did not expressly state in his complaint that he signed API's SEC filing, he admitted at oral argument that he signed it. He alleges that he did so to avoid being fired.[4]

Tortious discharge can occur when an employee "was terminated for refusing to engage in conduct that he, in good faith, reasonably believed to be illegal." *Allum*, 114 Nev. at 1324, 970 P.2d at 1068. If an employee actually participated in the purported illegal activity, however, the protection afforded by this public policy does not apply. *See Schlang v. Key Airlines, Inc.*, 794 F. Supp. 1493, 1506-07 (D. Nev. 1992), *vacated in part on other grounds,* 158 F.R.D. 666, 671 (D. Nev. 1994).

Here, McManus conceded that he participated in the illegal activity because he signed API's SEC filing. Thus, McManus failed to

---

[4]McManus contended at oral argument that the purported illegal activity he refused to participate in also involved recommending the transaction to API's board of directors. However, he did not allege in his complaint that this was the illegal activity in which he refused to participate and that led to his termination. Thus, his purported refusal to recommend the transaction does not prevent the dismissal of this claim.

state a claim for tortious discharge based on the refusal to participate in an illegal activity.[5] Therefore, the district court did not err by dismissing McManus's tortious discharge claim with regard to this theory.

*Conclusion*

McManus failed to state a claim for tortious discharge because he did not allege that he was terminated for externally reporting illegal activity or for refusing to participate in illegal activity. Thus, the district court did not err in dismissing his claim. Therefore, we

ORDER the judgment of the district court AFFIRMED.



_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. David A. Hardy, District Judge
Wm. Patterson Cashill, Settlement Judge
Cavanaugh-Bill Law Offices, LLC
Laxalt & Nomura, Ltd./Reno
Washoe District Court Clerk

---

[5]Since McManus concedes that he participated in the illegal activity, we do not address whether he alleged a reasonable belief that the activity was illegal. Furthermore, we do not address whether issue preclusion prevents McManus from stating a tortious discharge claim.