# IN THE SUPREME COURT OF THE STATE OF NEVADA

N5HYG, LLC, A MICHIGAN LIMITED
LIABILITY COMPANY,
Appellant,
vs.
MANUEL IGLESIAS; AND EDWARD
MOFFLY,
Respondents.

No. 83425

FILED

JUN 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a final judgment entered by the district court in a contract action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.[1]

In 2017, appellant N5HYG, LLC, filed the underlying action against respondents, former directors of Hygea Holdings Corp., alleging numerous claims related to a stock purchase agreement. Respondents joined with another party to remove the case to federal court. While the case was pending in federal court, appellant joined in a petition to appoint a receiver to manage Hygea. Hygea successfully moved to change the venue of the receivership case to a different court (the "receiver court"), and thereafter, the receiver court denied the petition. After the federal court remanded this case back to the state district court in 2018, appellant filed an amended complaint. Respondents moved to dismiss the amended

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-19231

complaint, arguing that the doctrine of claim preclusion barred appellants' claims because they could have been raised in the receivership case. Originally, the district court concluded that because the receiver court found it lacked jurisdiction, it had not entered a final judgment on the merits and its decision therefore had no preclusive effect. After Hygea moved for reconsideration, the district court concluded that the receiver court's order *was* a final judgment for purposes of claim preclusion and dismissed the first amended complaint. Appellant then filed a second amended complaint limited to claims that were not precluded by the district court's dismissal order. The district court eventually entered a judgment, certified as final, in appellant's favor. This appeal followed.

Appellant argues that the district court erred in applying claim preclusion to the first amended complaint. Whether the district court properly applied claim preclusion is a question of law that we review de novo. *Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014). Under that review, we conclude that the district court's original determination was correct and that it erred in subsequently applying claim preclusion.

When Hygea moved for reconsideration, it relied in part on this court's unpublished order in *Lynch v. Awada*, No. 72873, 2018 WL 4700577, (Nev. Sept. 28, 2018) (Order Affirming in Part, Reversing in Part, and Remanding). But *Lynch* is distinguishable for two reasons. First, in that case, the parties did not dispute the finality of the valid final order entered in the prior case. *Id.* at *2. Second, appellant in that case sought a receiver under NRS 32.010 as a means to facilitate the final relief sought, i.e., the dissolution of respondents' company. *Id.* at *1 & n.1. *See Goldfine v. United*

SUPREME COURT
OF
NEVADA

(O) 1947A

*States*, 300 F.2d 260, 263 (1st Cir. 1962) ("The appointment of a receiver is incidental to the purpose of effecting other relief."); *Johnson v. Steel, Inc.*, 100 Nev. 181, 183, 678 P.2d 676, 678 (1984) (providing that "[t]he use of a receiver *pendente lite* is an ancillary remedy used to preserve the value of assets pending outcome of the principal case"), *overruled on other grounds by Shoen v. SAC Holding Corp.*, 122 Nev. 621, 137 P.3d 1171 (2006); 75 C.J.S. *Receivers* § 5 (2022) (explaining that generally the appointment of a receiver "is not the final or ultimate relief. . . . It is merely an ancillary remedy, or it is merely an auxiliary, incidental, and provisional remedy" (internal footnotes omitted)).

Appellant also argues that the district court erred because the receiver court did not enter a final judgment; rather, it resolved the matter based on a lack of jurisdiction. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054 n.27, 194 P.3d 709, 713 n.27 (2008) (providing that "a valid final judgment . . . does not include a case that was dismissed without prejudice or for some reason (jurisdiction, venue, failure to join a party) that is not meant to have preclusive effect"). We agree.

NRS 78.650(1) provides that a "holder or holders of one-tenth of the issued and outstanding stock may apply to the district court . . . for an order appointing a receiver." "Where the statute provides for the appointment of receivers, the statutory requirements must be met or the appointment is void and in excess of jurisdiction." *Shelton v. Second Judicial Dist. Court*, 64 Nev. 487, 494, 185 P.2d 320, 323 (1947). Thus, an action to appoint a receiver under NRS 78.650 is only available to a ten-percent stockholder or stockholders, and this requirement is jurisdictional, i.e., a district court does not have authority to consider the merits of an

action brought by shareholders owning less than ten percent of a company's stock. *Searchlight Dev., Inc. v. Martello*, 84 Nev. 102, 109, 437 P.2d 86, 90 (1968) ("The district court does not have jurisdiction to appoint a corporate receiver, unless the applicant holder or holders of one-tenth of the issued and outstanding stock has legal title at the time the court considers the application."); *see also State (Cameron) v. Second Judicial Dist. Court*, 48 Nev. 198, 203, 228 P. 617, 618 (1924) (providing that "[t]he jurisdiction of a court depends upon its right to decide a case"); *Abelleira v. Dist. Court of Appeal*, 109 P.2d 942, 947 (Cal. 1941) (explaining that a court lacks jurisdiction where there is "an entire absence of power to hear or determine the case").

Here, the receiver court correctly concluded that it could not "consider appointment of a receiver under NRS 78.650" because appellant did not hold one-tenth of Hygea's issued and outstanding stock.[2] The receiver court's order additionally discussed the substance of appellant's request because "[a]n appellate court may disagree with this . . . analysis on

---

[2]Appellant alternatively sought a receiver under NRS 32.010 and NRS 78.630. The record shows that the receiver court did not have jurisdiction as appellant failed to satisfy the statutory requirement under either statute. *See* NRS 32.010(1) (allowing a court to appoint a receiver in cases with a pending action); NRS 78.630(1) (providing the same one-tenth ownership of stock requirement); *see also State (Nenzel) v. Second Judicial Dist. Court*, 49 Nev. 145, 156-57, 241 P. 317, 320-21 (1925) (explaining that a court has no jurisdiction to appoint a receiver in a proceeding merely seeking the appointment of a receiver under the predecessor to NRS 32.010).

the 10% issue."[3] But having found it could not consider appointing a receiver because it lacked jurisdiction, the receiver court's discussion of the merits of whether to appoint a receiver was a nullity. *See Landreth v. Malik*, 127 Nev. 175, 179, 251 P.3d 163, 166 (2011) (explaining that "if the district court lacks subject matter jurisdiction, the judgment is rendered void"); *Nenzel*, 49 Nev. at 161, 241 P. at 322 (concluding that a receiver appointed by a court without jurisdiction resulted in "all proceedings therein [being] null and void"). Therefore, we conclude that the district court erred in concluding that the receiver court entered a final judgment and applying claim preclusion based on the receiver court's order. *See Alcantara*, 130 Nev. at 257, 321 P.3d at 915 (explaining that entry of a final judgment is a necessary element of claim preclusion); *Five Star Capital Corp.*, 124 Nev. at 1054 n.27, 194 P.3d at 713 n.27 (explaining that cases dismissed for jurisdictional reasons are not meant to have preclusive effect and citing 18 *Moore's Federal Practice* § 131.30[3][a] (3d ed.2008);

---

[3]This court did not disagree. *See Arellano v. Iglesias*, No. 76969, 2020 WL 4464542, *4 (Nev. July 31, 2020) (Order of Affirmance) (affirming the receiver court's award of attorney fees after finding "that appellants knew or should have known that they failed to meet the jurisdictional requirement"). Respondents correctly note that the receiver court denied rather than dismissed the request for a receiver. However, this court explained that the substance of appellants' NRS 78.650 claim were irrelevant because the receiver court did not have jurisdiction to consider the merits, *see id.* at *2 n.2, and discussed the decision as a dismissal, *see id.* at *1-2 (providing that "NRS 78.650's ten-percent ownership requirement is jurisdictional" and "the district court dismissed appellants' receivership petition"); *see also Lee v. GNLV Corp.*, 116 Nev. 424, 427, 996 P.2d 416, 418 (2000) (explaining that this court looks "to what the order or judgment actually *does*").

Restatement (Second) of Judgments § 19 cmt. a, § 20 (1982); NRCP 41(b)). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, C.J.
Parraguirre

_____, J.
Pickering

_____, Sr.J.
Gibbons

cc:  Hon. Nancy L. Allf, District Judge
     Lansford W. Levitt, Settlement Judge
     The Miller Law Firm, P.C.
     Albright Stoddard Warnick & Albright
     Lewis Roca Rothgerber Christie LLP/Las Vegas
     Lemons, Grundy & Eisenberg
     Kaplan Cottner
     Eighth District Court Clerk

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.