ARDMORE LEASING CORPORATION DBA SAVE-MOR RENT-A-CAR DBA GROUP TOURS, AND GUARANTY NATIONAL INSURANCE COMPANY, APPELLANTS, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, RESPONDENT.

No. 20372

August 21, 1990                    796 P.2d 232

*Barker, Gillock, Koning, Brown & Earley* and *Martha A. Karp,* Las Vegas, for Appellants.

*Pearson & Patton* and *Ronald M. Pehr,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In the action below, the district court granted respondent's countermotion for summary judgment. Because genuine issues of fact still remain, we reverse.

### THE FACTS

On December 23, 1986, Peggy Jakobiak, through her business, Redrock Florist, rented a van from appellant Ardmore Leasing Corporation, dba Sav-Mor Rent-A-Car, dba Group Tours (Ardmore). Ardmore insured the van with appellant Guaranty National Insurance Company (Guaranty). That same day, Kevin Faber, an eighteen year old employee of Redrock Florist, while driving the van in the course of his employment, was involved in an automobile accident with Donna Kuberth. Respondent, State Farm Mutual Automobile Insurance Company (State Farm), had issued insurance policies to Jakobiak and Faber's mother and settled Kuberth's claim for $150,000.00. Ardmore and Guaranty denied coverage for the accident.

State Farm then sought contribution and/or indemnity from Ardmore and Guaranty for the money it paid to Kuberth, arguing

that the Guaranty-Ardmore policy provided primary coverage for the accident. Ardmore and Guaranty subsequently made a motion for summary judgment, maintaining that State Farm's policies supplied primary insurance for the accident and that the Guaranty-Ardmore policy furnished only secondary coverage. State Farm opposed the motion and filed its own countermotion for summary judgment, insisting that the Guaranty-Ardmore policy provided primary coverage for the accident and that the State Farm policies did not provide any coverage. However, State Farm did not include the Guaranty-Ardmore policy in the record before the district court. In addition, the Guaranty-Ardmore policy is not included in the record on appeal.[1] Nonetheless, the district court granted State Farm's countermotion for summary judgment and awarded indemnity to State Farm in the amount of $150,000.00.

## DISCUSSION

On appeal, Ardmore and Guaranty argue that the district court erred in granting summary judgment to State Farm. Specifically, appellants contend that genuine issues of material fact still remain for trial.

This contention has merit. Summary judgment is proper only when there are no genuine issues of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. NRCP 56(c); Wiltsie v. Baby Grand Corp., 105 Nev. 291, 774 P.2d 432, 433 (1989). In addition, the district court is not relieved of its responsibility to ascertain if genuine issues of fact remain even though both parties move for summary judgment. *See* Chequer, Inc. v. Painters & Decorators, 98 Nev. 609, 612, 655 P.2d 996, 998 (1982).

Here, the district court erred in granting summary judgment. Genuine issues of fact still exist as to the extent of coverage provided in State Farm's policies and the Guaranty-Ardmore policy. Moreover, it is unclear whether Jakobiak violated the rental agreement by allowing her eighteen year old employee to drive the van. Therefore, State Farm is not entitled to judgment as a matter of law.

---

[1]State Farm has filed a motion to supplement the record on appeal with two unidentified insurance policies of indeterminable length and a policy issued to a company not involved in this matter. Because these exhibits were not properly presented to or considered by the district court and are not helpful in determining if genuine issues of fact remain, the motion is denied. *See* Carson Ready Mix v. First Nat'l Bk., 97 Nev. 474, 635 P.2d 276 (1981).

For the foregoing reasons, we reverse the summary judgment and remand this case for further proceedings consistent with this opinion.

