MARY BUSCH, APPELLANT, *v.* PETER L. FLANGAS, INDIVIDUALLY, AND DELWIN POTTER, INDIVIDUALLY, RESPONDENTS.

No. 21489

September 15, 1992 837 P.2d 438

---

[5]The Honorable Miriam Shearing, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE JOHN C. MOWBRAY, Chief Justice. Nev. Const. art. 6, § 4.

*Corby D. Arnold* and *Michael F. Bohn*, Las Vegas, for Appellant.

*Peter L. Flangas* and *Delwin Potter,* In Proper Person, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Mary Busch is the former owner of the Busch

Bavarian Pastry Shop. In 1984, Busch agreed to sell the shop. A customer suggested that Busch contact respondent Delwin Potter, who worked for respondent Peter Flangas, to help draw up documents pertaining to the sale of the bakery. Believing Potter to be a lawyer, Busch contacted Flangas' law office and made an appointment with Potter. Potter was in fact a law clerk employed by Flangas. The necessary documents for the sale of the bakery were prepared, but a UCC-1 financing statement necessary to the perfecting of Busch's security interest in the bakery equipment pending final payment was never filed. The buyers failed to satisfy their financial obligation to Busch and eventually filed bankruptcy. Busch, as an unsecured creditor, lost her interest in the bakery equipment.

Busch instituted a malpractice action against Potter and Flangas, alleging that Potter's negligence caused her to lose her security interest in the bakery equipment. Busch claimed that Flangas was also liable for his employee's negligence. Potter and Flangas claimed that another attorney had supervised Potter's work, thus relieving both of them of any liability. The district court granted summary judgment in favor of Potter and Flangas, and Busch appealed. We reverse.

Summary judgment is appropriate only where there are no genuine issues of material fact to be resolved, and the moving party is entitled to judgment as a matter of law. NRCP 56(c). In reviewing a grant of summary judgment, this court accepts as true all evidence and reasonable inferences favorable to the party against whom summary judgment was entered. Wiltsie v. Baby Grand Corp., 105 Nev. 291, 292, 774 P.2d 432, 433 (1989).

Even though both parties moved for summary judgment, this did not relieve the district court of its responsibility to determine whether genuine issues of fact existed. Ardmore Leasing Corp. v. State Farm Mut. Auto. Ins. Co., 106 Nev. 513, 796 P.2d 232 (1990). Our review of the record reveals the existence of disputed material facts concerning the issue of Potter's and Flangas' liability. Summary judgment was therefore improper.

The district court determined that the document transferring the bakery was a lease, rather than a secured sales agreement. A true lease, in contrast to a secured sale, is not subject to the provisions of the UCC. U C Leasing, Inc. v. Laughlin, 96 Nev. 157, 606 P.2d 167 (1980). We find ample evidence indicating that the agreement was in fact a secured sale, thus requiring the filing of a UCC-1 financing agreement in order to protect Busch's

interest in the bakery equipment. This interpretation of the agreement is supported in the record which reveals that Busch intended to sell the bakery, and signed a document entitled "sales agreement." The agreement identified the parties to the transaction as "buyers" and "sellers," and the consideration for the sale was labelled as the "purchase price." Significantly, even the respondents refer to the transaction as a "sale" in their motions below.

Busch presented substantial evidence indicating that the transaction required a UCC-1 financing statement, which Potter failed to file, to secure her interest in the bakery equipment. Although Potter is not an attorney, he can be subject to a legal malpractice claim if he attempts to provide legal services. *See* Bowers v. Transamerica Title Ins. Co., 675 P.2d 193 (Wash. 1983). Therefore, summary judgment was improperly granted as to Potter.

Flangas contends that he cannot be liable for malpractice because he never met Busch nor attempted to provide legal services for her. Clearly, this contention is without merit. Busch's claim against Flangas states a cause of action on a *respondeat superior* theory. Thus, Flangas may be liable for Potter's negligence if Potter was acting within the scope of his employment when he performed services for Busch. Molino v. Asher, 96 Nev. 814, 618 P.2d 878 (1980).

Respondents concede that Potter was employed by Flangas, but claim that on this occasion Potter was supervised by another attorney[2] who maintains a separate practice, but who nevertheless occasionally utilized the services of Potter or Flangas' secretaries.

Busch claims that Flangas was responsible for supervising Potter's work, and attached to her opposition to the motions for summary judgment copies of Potter's paychecks from Flangas covering the period of time when Potter performed services for Busch. At a minimum, Busch raised a genuine issue below as to Flangas' liability. Therefore, summary judgment was improperly granted as to Flangas. NRCP 56(c).

After careful consideration, we have determined that the other issues raised by the parties are without merit. The summary judgment in favor of respondents is reversed, and the case is remanded to the district court for a trial on the merits.

Springer, J., with whom LEAVITT, D. J., agrees, dissenting:

I conclude that the trial court was correct in granting summary judgment; therefore, I respectfully dissent.

---

[2]The statute of limitations has run against this other attorney, precluding a claim against him.

## The Flangas Judgment

The case against Flangas is based on actual negligence on his part and not on vicarious liability. An employer is liable for an employee's acts which the employer authorized or ratified, upon familiar principles of negligence and agency. Vicarious liability, on the other hand, is based on conduct which is not the conduct of the employer but which extends to any and all *tortious* conduct which an agent performs within the "scope of employment." Busch does not plead a case for vicarious liability nor does she aver that all of Potter's tortious acts were done in the scope of his employment for Flangas.

Rather than trying to impute Potter's negligence to Flangas under the doctrine of *respondeat superior,* Busch's complaint charges specific and independent negligence on the part of Flangas. According to the complaint, "Flangas knew that Defendant Potter was representing himself as an attorney and performing legal services on behalf of Defendant Flangas." In other words, Flangas knowingly let a non-lawyer work in his office *as* a lawyer. There is no evidence that this charge is true.

Busch argues in her "Opposition to Motion for Summary Judgment" that Potter is guilty of "malpractice per se." This may be true, but absent an allegation that such untoward and outrageous action by Potter was done in the scope and power of his employment by Flangas, no vicarious liability can exist.[1]

Because there is no claim for vicarious liability and because there is no evidence to support actual negligence on the part of Flangas, I would affirm the trial court's summary judgment in his favor.

## The Potter Judgment

The gist of Busch's claim against Potter is that Potter "represented himself to Plaintiff as an attorney and further represented that he was competent and able to prepare all documents . . . and . . . to protect the Plaintiff's [legal] interests," and that Potter was then guilty of legal malpractice when he "negligently failed and omitted to cause the UCC-1 Financing Statement to be filed with the appropriate agency."

If, as is clearly the case, Potter had not "represented himself to Plaintiff as an attorney," he could not, of course, have undertaken the duty "to prepare all documents" nor "to fully protect the Plaintiff's [legal] interests." By Busch's own testimony, neither Flangas nor Potter ever represented that Potter was a lawyer. Busch "assumed" that Potter was a lawyer because one of her

---

[1]In the mentioned Opposition papers, Busch tardily mentions "the theory of respondeat superior," but neither the complaint nor the motion documents support this kind of claim of liability.

customers at the bakery told her so. There is no evidence that Potter was either acting as a lawyer or representing himself to be a lawyer. According to Potter's affidavit, he prepared the documents in question at the behest of and *under* the supervision of another attorney, John Stone. I believe that the trial court was correct in concluding that there was no evidence to support the allegation that Potter "represented himself to Plaintiff as an attorney" or that as a non-attorney working for attorney Stone, Potter owed a duty to Busch relative to the preparation and filing of the UCC documents. I would affirm the trial court's summary judgment in favor of Potter.