FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KST DATA, INC., a California Corporation,<br>*Plaintiff-Counter-Defendant-Appellee*,<br><br>v.<br><br>DXC TECHNOLOGY COMPANY, a Virginia corporation,<br>*Defendant*,<br><br>and<br><br>ENTERPRISE SERVICES LLC,<br>*Defendant-Counter-Claimant-Appellant*,<br><br>v.<br><br>ARMANDO TAN,<br>*Counter-Defendant-Appellee*,<br><br>and<br><br>MITCHELL EVANS,<br>*Counter-Defendant*. | No. 19-55422<br><br>D.C. No.<br>2:17-cv-07927-SJO-SK<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted July 6, 2020
Pasadena, California

Filed November 17, 2020

Before: Richard A. Paez and Bridget S. Bade, Circuit
Judges, and Eric F. Melgren,[*] District Judge.

Opinion by Judge Melgren

## SUMMARY[**]

### Affirmative Defenses

The panel affirmed in part, and reversed in part, the
district court's judgment in an action concerning a
contractual dispute between Enterprise Services, LLC and
KST Data, Inc. to provide services to the National
Aeronautics and Space Administration.

The district court granted summary judgment sua sponte
to KST on its breach of contract claim. Enterprise contended
this was error because the district court did not give

---

[*] The Honorable Eric F. Melgren, United States District Judge for
the District of Kansas, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It
has been prepared by court staff for the convenience of the reader.

Enterprise the opportunity to assert its affirmative defenses. Enterprise raised the defenses in its answers to KST's complaint and first amended complaint, but it did not file an answer to KST's second (and final) amended complaint.

The panel held that the standard of review was de novo review because the issue presented was a legal issue that involved the interpretation of the Federal Rules of Civil Procedure.

The panel held that a defendant is not required to file a new answer reasserting its affirmative defenses when the claim in the amended complaint related to those affirmative defenses remains the same. Specifically, the panel held that by not giving Enterprise notice and the opportunity to assert its affirmative defenses, the district court erred in granting summary judgment sua sponte. The panel further held that Enterprise did not waive its affirmative defenses to the breach of contract claim by not filing an answer to the Second Amended Complaint, where Enterprise had raised the same affirmative defense in the First Amended Complaint.

The panel remanded with instructions for the district court to allow Enterprise to show why KST was not entitled to judgment as a matter of law on KST's breach of contract claim.

The panel addressed remaining issues on appeal in a concurrently filed memorandum disposition.

**COUNSEL**

Stephen G. Larson (argued) Hilary Potashner, and Paul A. Rigali, Larson O'Brien LLP, Los Angeles, California; Attison L. Barnes III, Wiley Rein LLP, Washington, D.C.; for Defendant-Counter-Claimant-Appellant.

Nicole R. Van Dyk (argued), Gary S. Lincenberg, Thomas R. Freeman, and Ashley D. Bowman, Bird Marella Boxer Wolpert Nessim Drooks Lincenberg & Rhow P.C., Los Angeles, California, for Plaintiff-Counter-Defendant-Appellee and Counter-Defendant-Appellee.

**OPINION**

MELGREN, District Judge:

Is a defendant required to file a new answer reasserting its affirmative defenses when the claim in the amended complaint related to those affirmative defenses remains the same? We hold that the defendant is not.

Defendant Enterprise Services, LLC ("ES") entered into a contract with KST Data, Inc. ("KST") to provide services to the National Aeronautics and Space Administration ("NASA"). KST sued ES following ES's nonpayment of invoices totaling over $5.4 million. In ruling on the parties' summary judgment motions, the district court granted summary judgment sua sponte to KST on its breach of contract claim. ES contends that this ruling was improper because the district court did not give ES the opportunity to assert its affirmative defenses. ES raised these defenses in its answers to KST's complaint and first amended complaint, but it did not file an answer to KST's second (and final)

amended complaint. In a subsequent order entering judgment against ES on KST's claim, the district court concluded that ES's failure to file an answer to the second amended complaint resulted in a waiver of its affirmative defenses. ES appeals the district court's rulings. We reverse and remand for further proceedings.

# I

## A

This dispute stems from a contract ES entered into with NASA to provide information technology-related hardware, services, and labor (the "ACES Contract"). As part of the ACES Contract, ES agreed to subcontract a certain percentage of the work to various types of small businesses in exchange for financial incentives. If ES did not meet these requirements, NASA could apply yearly retainage penalties.

ES began working with KST in 2009 while preparing its bid proposal for the ACES Contract. ES alleges that KST was intimately involved in the bidding process for the ACES Contract and helped develop the plan for ES to satisfy the small business requirements. To that end, KST allegedly identified and recommended DME Products and Systems, Inc. ("DME") as a company with whom ES should subcontract to meet multiple small business requirements. KST, however, denies any involvement in the bidding process for the ACES Contract.

After NASA awarded ES the ACES Contract, ES selected KST and DME as first-tier subcontractors. ES entered into a Statement of Work and Resale Master Agreement ("RMA") with KST (the "KST-ES Contract"), the terms of which are not relevant here.

In mid-2014, ES received a subpoena from the NASA Inspector General requesting information regarding KST and DME.  ES alleges that it learned only at this time that KST was secretly performing work ES had contracted DME to perform as part of its small business requirements.  According to ES, KST treated DME as a "pass-through" entity whereby KST performed the work ES contracted to DME despite knowing that DME must perform the work to meet the small business subcontracting requirements of the ACES Contract.

KST, on the other hand, describes its relationship with DME as an oral, second-tier subcontract.  KST alleges that it entered into this subcontract when ES engaged DME to perform print management services—services it believed ES had previously intended to subcontract to KST and that KST had already prepared to perform.  As payment for providing the print management services, KST received a percentage of the amount DME earned under its purchase orders from ES each month.

In December 2014, NASA determined that KST's and ES's alleged arrangement violated the small business subcontracting plan in the ACES Contract.  NASA imposed a $5.4 million retainage penalty against ES.  As a result, ES withheld payment to KST of amounts invoiced under the KST-ES Contract equal to the amount NASA withheld from ES.  ES took this action in reliance upon the indemnification provision of the RMA.[1]

---

[1] The RMA's indemnification provision is set forth and discussed in the concurrently filed memorandum disposition.

**B**

KST filed its Complaint in September 2017 in the Superior Court of California for the County of Los Angeles. The case was ultimately removed to the Central District of California.  KST subsequently filed a First Amended Complaint asserting claims for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) unjust enrichment, and (4) quantum meruit.  ES filed an Answer and affirmative defenses and asserted counterclaims against KST for breach of contract and other claims.

Upon ES's motion, the district court dismissed KST's claims for breach of the covenant of good faith and fair dealing, unjust enrichment, and quantum meruit and granted KST ten days to file and serve a second amended complaint. It also invited ES to file an answer within ten days thereafter.

KST filed a Second Amended Complaint, again asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and quantum meruit.  ES again moved to dismiss all but the breach of contract claim.  The district court granted ES's motion without leave to amend.  Thus, KST's only remaining claim in the Second Amended Complaint was for breach of contract.  ES did not file an answer to the Second Amended Complaint.

The parties subsequently moved for summary judgment on their remaining claims.  The district court granted KST's motion for summary judgment against ES on its counterclaims for breach of contract, and denied ES's motion for summary judgment on the same claim.  The district court also denied ES's motion for summary judgment against KST on KST's breach of contract claim, and granted summary judgment sua sponte for KST against ES on KST's

breach of contract claim.  The district court reasoned that because KST did not breach the KST-ES Contract, "ES necessarily breached its contractual obligations to KST when it withheld payments to KST."

Shortly thereafter, KST moved for entry of judgment on its breach of contract claim.  ES argued in response that KST could not recover damages for breach of contract because of its affirmative defenses of unclean hands, fraud, and misrepresentation.  This was ES's first opportunity to raise its affirmative defenses.   The district court, however, rejected ES's argument.  It found that ES had not filed an answer to the Second Amended Complaint that pled these affirmative defenses.  Although ES raised these defenses in its Answer to the First Amended Complaint, the district court determined that the First Amended Complaint was no longer the operative complaint and that "[a]s soon as KST filed a Second Amended Complaint, ES needed to file a new answer that specified its affirmative defenses."  Because ES did not file a new answer, the district court held that it waived its affirmative defenses.  The district court therefore concluded that KST was entitled to damages and prejudgment interest to remedy ES's breach of contract.

ES timely appealed the district court's summary judgment and entry of judgment orders.  At issue in this opinion are the district court's rulings that KST was entitled to summary judgment sua sponte on its breach of contract claim and that ES waived its affirmative defenses by failing to reassert them in a new answer in response to KST's Second Amended Complaint.  We address the remaining issues on appeal in a concurrently filed memorandum disposition.

## II

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's decision to grant summary judgment. *Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 918–19 (9th Cir. 2009). As to the district court's determination that ES waived its affirmative defenses, the parties dispute the appropriate standard of review. ES contends that we should apply de novo review, relying on *Harbeson v. Parke Davis, Inc.*, 746 F.2d 517 (9th Cir. 1984). In that case, we stated, "A question concerning the waiver of an affirmative defense involves the interpretation of Rule 8(c) of the Federal Rules of Civil Procedure and, as such, is a question of law reviewed de novo." *Id.* at 520. KST contends that we should review the district court's decision for an abuse of discretion. It relies on a more recent line of our cases holding that the district court has discretionary authority to allow a defendant to plead an affirmative defense in a subsequent motion absent prejudice to the opposing party. *See Alcarmen v. J.P. Morgan Chase Bank*, No. 13-CV-1575 YGR, 2014 WL 3368647, at *5 (N.D. Cal. July 8, 2014) (citing cases, including *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997); *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993)). None of the cases cited by the parties involve the unique question presented here: Does the filing of an amended complaint require the defendant to file a new answer specifying its affirmative defenses when the claims in the amended complaint remain unchanged? Because this is a legal issue that involves the interpretation of the Federal Rules of Civil Procedure, we apply de novo review. *See Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d 1122, 1127 (9th Cir. 2006) ("We . . .

review *de novo* the district court's application of the Federal Rules of Civil Procedure . . . ."); *United States v. Clifford Matley Family Tr.*, 354 F.3d 1154, 1159 n.4 (9th Cir. 2004) ("We review de novo interpretations of the Federal Rules of Civil Procedure.") (citing *DP Aviation v. Smiths Indus. Aerospace & Def. Sys., Ltd.*, 268 F.3d 829, 846 (9th Cir. 2001)).

## III

### A

Under Federal Rule of Civil Procedure 56(f), a district court may sua sponte grant summary judgment if the nonmovant has "notice and a reasonable time to respond." But, "the propriety of granting summary judgment in favor of a party who did not so move is often a 'close question.'" *Kassbaum v. Steppenwolf Prod., Inc.*, 236 F.3d 487, 494 (9th Cir. 2000) (quoting *Sohappy v. Hodel*, 911 F.2d 1312, 1320 (9th Cir. 1990)). Before granting the nonmovant judgment, "great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that his [or her] opponent is not entitled to judgment as a matter of law." *Id*. (quoting *Ramsey v. Coughlin*, 94 F.3d 71, 74 (2d Cir. 1996)).

ES moved for summary judgment on KST's breach of contract claim, and thus, in its summary judgment motion, ES argued that KST could not satisfy the elements of that claim. ES was not required to, and in fact did not, assert its affirmative defenses at that time. *See Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that [the] plaintiff has not met its burden of proof is not an affirmative defense."); *Moore v. Millennium Acquisitions, LLC*, No. 14-CV-01402-LJO, 2015 WL 769740, at *3 (E.D. Cal. Feb. 23, 2015) (holding

that a defendant may attack the plaintiff's case-in-chief by arguing the plaintiff cannot meet his burden of proof on claims, and it is unnecessary to raise an affirmative defense based on such theory). The district court did not address ES's affirmative defenses in its order granting KST summary judgment, and instead, summarily concluded that KST was entitled to judgment as a matter of law. By not giving ES notice and the opportunity to assert its affirmative defenses, the district court erred in granting summary judgment sua sponte.

**B**

The district court did not commit reversible error, however, if ES waived its affirmative defenses by failing to assert them in response to the Second Amended Complaint. KST argues that by filing a Second Amended Complaint, ES's Answer and affirmative defenses filed in response to KST's First Amended Complaint were rendered moot, and thus ES was required to file a new answer and affirmative defenses in response to the Second Amended Complaint. KST argues that by failing to do so, ES waived its right to assert any of its affirmative defenses in response to KST's breach of contract claim.

We have not addressed when a defendant is required to reassert its affirmative defenses in response to an amended pleading. Federal Rule of Civil Procedure 8(c) requires a party to "affirmatively state any avoidance or affirmative defense" in response to a pleading. Generally, an affirmative defense that is not asserted in an answer to the complaint is waived or forfeited by the defendant. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008) (citing Fed. R. Civ. P. 8(c)(1), 12(b), 15(a)). But the circumstances of this case do not allow for the simple application of this rule. Here, ES asserted its affirmative defenses—in response to

the Complaint and First Amended Complaint. ES claims that it was not required to restate these defenses in response to the same breach of contract claim in the Second Amended Complaint.

ES asks us to adopt the rulings of several federal district courts in California that have held it is the defendant's option to file an answer to an amended complaint. *Stanley Works v. Snydergeneral Corp.*, 781 F. Supp. 659, 664–65 (E.D. Cal. 1990) (citing Wright, Miller & Kane, 6 Federal Practice and Procedure § 1476, pp. 558–59 (1990)); *Hazeltine v. Hicks*, No. 14-cv-00056-DAD-GSA-PC, 2016 WL 6716469, at *1 (E.D. Cal. Nov. 14, 2016); *Upek, Inc. v. Authentec, Inc.*, No. 10-424-JF-PVT, 2010 WL 2681734, at *3 (N.D. Cal. July 6, 2010). These district courts concluded that the defendant may file a new answer if "the . . . [a]mended [c]omplaint makes allegations that change the theory or scope of the case." *Stanley Works*, 781 F. Supp. at 665 (citation omitted). But when an amended complaint "does not add new parties, new claims, or significant new factual allegations, . . . the previously filed response to the original pleading [will] suffice." *Upek*, 2010 WL 2681734, at *3 (quoting *Kraft v. Arden*, No. CV 07-487-PK, 2009 WL 73869, at *7 (D. Or. Jan. 8, 2009)).

KST does not present any definitive authority stating that a defendant must file an answer to an amended complaint regardless of whether the amended complaint contains new claims or factual allegations. Instead, it simply argues that ES failed to comply with Federal Rule of Civil Procedure 15(a)(3). That Rule provides, "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." According to KST,

the district court ordered ES to file an answer within ten days of KST filing its Second Amended Complaint. But the district court's order only invited ES to file an answer. It did not require it. Furthermore, by its plain terms, Rule 15(a)(3) does not render a prior response to a prior pleading moot and require the filing of a new answer.

KST also cites several cases in support of its argument, but they are distinguishable. Two of these cases involve defendants who responded to amended complaints and later sought to assert affirmative defenses or factual allegations not included in their responses. *See Moore v. Chase, Inc.*, No. 14-cv-01178, 2016 WL 866121, at *6 (E.D. Cal. Mar. 7, 2016) (concluding that the defendant waived the affirmative defense because it was not pleaded in the defendant's answer to the plaintiff's amended complaint); *Stanley v. Broward Cnty. Sheriff*, 773 F. App'x 1065, 1070 n.3 (11th Cir. 2019) (finding that the defendant, who filed an answer in response to the amended complaint, could not rely on statements in the earlier answer to a previous complaint). And the third case only recites Rule 15(a)(3) and extends the defendant's time to respond to the amended complaint. *See In re DirecTV Early Cancellation Litig.*, 738 F. Supp. 2d 1062, 1092 (C.D. Cal. 2010) (quoting Rule 15(a)(3) and predicting that the defendant would seek an extension of time to file an answer to the amended complaint and preemptively extending the time for the defendant to respond). These cases do not involve the unique situation here—where the defendant did not respond to an amended complaint because it had filed an answer to the previous complaint that contained the same claim.

We are persuaded that the analysis in *Stanley Works*, *Hazeltine*, and *Upek* is correct. A defendant is not required to file a new answer to an amended complaint when the

allegations in the amended complaint do not "change the theory or scope of the case." *Stanley Works*, 781 F. Supp. at 665. Here, the Second Amended Complaint contained the same material allegations with respect to the breach of contract claim as the First Amended Complaint. Therefore, ES did not waive its affirmative defenses to that claim by not filing an answer to the Second Amended Complaint.[2]

## IV

ES was not required to respond and reassert its affirmative defenses to KST's Second Amended Complaint because ES had already asserted those affirmative defenses in response to the same breach of contract claim in the First Amended Complaint. Before granting summary judgment sua sponte in favor of KST, the district court should have given ES notice and an opportunity to assert its affirmative defenses in response to KST's breach of contract claim. We therefore reverse the grant of summary judgment and entry of judgment in favor of KST and remand with instructions

---

[2] KST also argues that ES should have sought leave to amend its pleading. A district court has discretion to allow a party to raise an affirmative defense after the pleading stage absent prejudice to the opposing party. *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). KST contends that because ES never sought the district court's discretion to amend its pleading, it cannot argue now that the district court abused its discretion in failing to allow it to litigate its affirmative defenses. But, as discussed above, the district court's discretion is not at issue here because it did not rely on *Simmons* in concluding that ES waived its affirmative defenses. Instead, the district court held that the First Amended Complaint was not the operative complaint in the litigation, and as soon as KST filed the Second Amended Complaint, ES was required to file a new answer and affirmative defenses. Thus, KST's argument is inapplicable to the issue before the court.

for the district court to allow ES to show why KST is not entitled to judgment as a matter of law on KST's breach of contract claim.  The parties shall bear their own costs.

**REVERSED and REMANDED.**