NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OVERRATED PRODUCTIONS, INC., a California corporation, | No. 19-56504 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02899-RSWL-RAO |
| v. | |
| UMG RECORDINGS, INC., a Delaware corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| OVERRATED PRODUCTIONS, INC., a California corporation, | No. 20-55428 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02899-RSWL-RAO |
| DENNIS LAMBERT, judgment Debtor, | |
| Appellant, | |
| v. | |
| UMG RECORDINGS, INC., a Delaware corporation; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted May 12, 2021
Pasadena, California

Before: BYBEE and BRESS, Circuit Judges, and CARDONE,** District Judge.

Overrated Productions, Inc. appeals several aspects of the district court's order granting summary judgment for Universal International Music B.V. (UIMBV) on Overrated's breach of contract claims as well as the district court's award of attorney's fees under the parties' 1977 contract. Because the parties are familiar with the facts of the case, we do not recite them here except as necessary to give context to our ruling. "We review de novo a district court's decision to grant summary judgment." *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 713 (9th Cir. 2020). We also review de novo a district court's interpretation of a contract. *L.K. Comstock & Co. v. United Eng'rs & Constructors Inc.*, 880 F.2d 219, 221 (9th Cir. 1989).

**1.** The district court correctly granted summary judgment on Overrated's breach of contract claims. Under California law, which the parties agree applies here, we interpret contract terms "to give effect to the mutual intention of the parties as it existed at the time of contracting." *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 717

---

** The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

(9th Cir. 2020) (quoting Cal. Civ. Code § 1636). Because the parties agree that the Contract is unambiguous, we rely solely on its terms to discern the parties' mutual intent. *See id.*

The Contract provides that, for "Masters licensed . . . on a flat-fee or royalty basis," UIMBV shall pay Overrated "an amount equal to nineteen percent (19%) of the amount received by us in respect of each use." There is no basis in the Contract to support Overrated's claim that "us" refers to any entity other than UIMBV or that the royalty should be calculated to include the amount received by UIMBV's affiliates. Although other provisions specify that the royalty rate for other types of payments will be calculated according to the "net royalty" amount received by UIMBV, terms like "us," "we," and "our," are used consistently throughout the Contract to refer only to UIMBV's predecessor-in-interest, not any other affiliate or related entities.

UIMBV therefore did not breach the Contract based upon its affiliate business relationships. The Contract allows UIMBV to "transfer of any of [its] rights . . . in whole or in part" to affiliates. The Contract does not distinguish between affiliated and unaffiliated licensees of UIMBV. Nor does the assignment provision contain any geographic limitation. Because the royalty is calculated on the amount "received by us," the Contract explicitly allows the arrangement that Overrated challenges. *See Revitch*, 977 F.3d at 717. The unambiguous language

3

allows UIMBV to calculate royalties only on the amount it receives from its affiliates and allows the affiliates to retain a portion of the licensing proceeds for themselves.[1]

Nor did UIMBV breach the contract by accounting for digital downloads as "records sold," which carried a four percent royalty rate instead of a nineteen percent rate. Under the Contract, a "record" is "any device, whether now known or unknown, on or by which sound may be recorded for later transmission to listeners." This broad definition most naturally read includes digital downloads—a technology that was then "unknown" at the Contract's origination. Our opinion in *F.B.T. Productions, LLC v. Aftermath Records*, 621 F.3d 958 (9th Cir. 2010), is distinguishable as it involved a materially different contract. What is determinative here is whether digital downloads are "records," and we conclude that, under this Contract, they are.

Further, the district court did not abuse its discretion by striking the only evidence supporting Overrated's digital-downloads claim. *See Yeager v. Bowlin*, 693 F.3d 1076, 1079 (9th Cir. 2012) (reviewing summary judgment evidentiary decisions for abuse of discretion). The stricken attorney declaration was "based on

---

[1] To the extent Overrated was concerned that UIMBV's affiliates were taking a commercially unreasonable percentage of receipts, Overrated had the option to exercise its audit rights, but did not do so.

documents that [did] not pertain to this action" and therefore lacked foundation.
*See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003).

**2.**  Next, the district court correctly granted summary judgment on Overrated's implied covenant of good faith and fair dealing claims.  The implied covenant of good faith cannot "prohibit a party from doing that which is expressly permitted by the agreement itself."  *Wolf v. Walt Disney Pictures Television*, 76 Cal. Rptr. 3d 585, 597 (Ct. App. 2008) (citation omitted).  Nothing in the Contract prohibits UIMBV from assigning its licensing rights among its affiliates, and nothing prohibits those affiliates from retaining a portion of the proceeds.  Therefore, UIMBV did not frustrate Overrated's rights under the Contract, and summary judgment was warranted.  *See Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1110 (Cal. 2000).

**3.**  The district court correctly dismissed Overrated's cause of action for an accounting, as Overrated has not demonstrated the need for an accounting or shown that any balance owed to it is only ascertainable by means of an accounting.  *See Teselle v. McLaughlin*, 92 Cal. Rptr. 3d 696, 715 (Ct. App. 2009).

**4.**  The district court did not abuse its discretion when it denied as moot Overrated's motion for leave to amend.  *See Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995).  Despite Rule 15(a)'s liberal amendment standard, a district court need not grant leave to amend where the amendment: (1) prejudices the

5

opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The parties executed this Contract in 1977, leaving Overrated and its predecessor ample opportunity to raise these issues. But Overrated did not raise them until its response to summary judgment, on the deadline to seek leave to amend. Allowing amendment at that point would have caused undue delay and prejudice to UIMBV because the deadlines for discovery and dispositive motions had already passed.

5. The district court did not abuse its discretion by denying further discovery on Overrated's streaming-income and suspense-account claims. *See U.S. Cellular Inv. Co. of L.A., Inc. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 934 (9th Cir. 2002) (exclusion of evidence at summary judgment reviewed for abuse of discretion). Relief under Rule 56(d) requires the party to show "(1) . . . *the specific facts* it hopes to elicit from further discovery; (2) [that] the facts sought exist; and (3) [that] the sought-after facts are essential to oppose summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (citation omitted). Overrated did not identify the specific facts sought or that such facts even existed; counsel merely reassured the court of his "extreme" confidence that these unidentified facts existed. That is not enough. *See id.* Moreover, Overrated did not move to compel discovery at any point, nor did it invoke its contractual right to audit UIMBV's books. The district court did not abuse its discretion.

**6.** As explained above, the district court properly granted summary judgment in UIMBV's favor. Thus, denial of Overrated's competing motion for summary judgment was proper.

**7.** We find no error in the district court's dismissal of Overrated's alter ego claims. The state court concluded, and the district court agreed, that UIMBV's affiliates were not UIMBV's agents as a matter of law. Overrated has provided no evidentiary basis for us to disturb that finding.

**8.** Turning to Overrated's second appeal, we find that the district court reasonably exercised its discretion by (1) finding Dennis Lambert to be personally liable as a judgment debtor under California Code of Civil Procedure § 187 and (2) awarding attorney's fees to UIMBV as the prevailing party. Federal district courts in California may substitute an individual judgment debtor for a corporate defendant where the individual "had control of the litigation and occasion to conduct it with a diligence corresponding to the risk of personal liability that was involved." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149–50 (9th Cir. 2004) (citation omitted); *see* Cal. Civ. Proc. Code. § 187.

The district court reasonably found that: (1) Overrated was undercapitalized; (2) Lambert viewed Overrated's profits as his own; (3) Lambert controlled the litigation; (4) Lambert essentially presented his individual case through Overrated; and (5) Overrated was a sham entity. Thus, the district court did not err by

7

substituting Lambert as a judgment debtor.  *See Katzir's Floor & Home Design, Inc.*, 394 F.3d at 1149–50 (citation omitted).

Last, the district court did not abuse its discretion by failing to apportion its fee award among individual defendants.  *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156–57 (9th Cir. 2002) (standard of review).  Under California law, the court need not apportion fees that are "incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed."  *Reynolds Metals Co. v. Alperson*, 599 P.2d 83, 86 (Cal. 1979) (en banc).  Here, Overrated's theory of joint liability between UIMBV and the UMG Affiliates required UIMBV itself to defend against the alter ego claims.  As a result, UIMBV was intertwined in any alter ego claims brought against the UMG Affiliates and could not avoid incurring fees and costs for defending against Overrated's claims.  *See id.*  Thus, the district court did not err.

**AFFIRMED.**