**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONEY MAILER, LLC, | No. 20-35896 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:15-cv-01215-RSL |
| v. | MEMORANDUM[*] |
| WADE G. BREWER, | |
| Defendant-counter-claimant-Appellant, | |
| v. | |
| MONEY MAILER FRANCHISE CORP; et al., | |
| Counter-defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted July 9, 2021
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  CLIFTON and IKUTA, Circuit Judges, and CALDWELL,** District Judge.

Wade Brewer appeals the district court's grant of summary judgment on his counterclaims in Money Mailer, LLC's favor.  We have jurisdiction.  28 U.S.C. § 1291.  Reviewing de novo,[1] *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 713 (9th Cir. 2020), we affirm.

Brewer does not challenge the district court's determination that he limited his relief to restitution.  Brewer is only entitled to restitution if Money Mailer was unjustly enriched by its allegedly illegal conduct.  *See Ehsani v. McCullough Fam. P'ship*, 159 P.3d 407, 411 (Wash. 2007).  The record reflects that Money Mailer was not enriched.  The undisputed evidence shows that Money Mailer incurred third-party costs of over $3.4 million for Brewer's franchise, while Brewer only paid Money Mailer a little over $2.5 million.  What Brewer's payments were credited to does not matter because it does not change the conclusion that Money Mailer was not enriched.  Under his election of remedy, Brewer is unable to prove damages for any of his claims, including his claim under Washington's Consumer

---

** The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1] Our review is de novo and not for an abuse of discretion because the appeal is of an order granting summary judgment and not of an order denying a motion for equitable relief or an order of restitution.  *Compare KST Data*, 980 F.3d at 713, *with Teutscher v. Woodson*, 835 F.3d 936, 942 (9th Cir. 2016); *Molski v. Foley Estates Vineyard & Winery, LLC*, 531 F.3d 1043, 1046 (9th Cir. 2008).

Protection Act. The undisputed evidence offered by Money Mailer in support of the amount that it paid out on behalf of Brewer was sufficient to support the proposition that it was not enriched. Brewer failed to contest that evidence in any meaningful fashion, despite having an opportunity to do so. Brewer's argument, made for the first time in his reply brief, that Carr's declaration did not explicitly state that Money Mailer actually paid third parties, is not persuasive. The argument was waived in any event. *See United States v. Gianelli*, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008). Summary judgment in Money Mailer's favor was proper.

**AFFIRMED.**