**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATICOY BAY LLC SERIES 2794 MURRAY HILL LN, | No. 20-15349 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02028-RFB-EJY |
| and | |
| ALESSI & KOENIG, LLC, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| BANK OF AMERICA, N.A., | |
| Defendant-Appellee, | |
| and | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION; PATRICIA E. LEON, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 6, 2021[]
San Francisco, California

Before: WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Saticoy Bay LLC Series 2794 Murray Hill Lane ("Saticoy Bay") appeals from the district court's grant of summary judgment to Bank of America on Saticoy Bay's suit seeking to quiet title for the property located at 2794 Murray Hill Lane in Las Vegas, Nevada ("the property"). We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo, *see KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 713 (9th Cir. 2020), and we affirm.

1.      The district court correctly concluded that Saticoy Bay does not own the property free and clear of Freddie Mac's interest. Saticoy Bay's predecessor in interest, Ferrell Street Trust, purchased the property at a homeowner association ("HOA") foreclosure sale on July 2, 2012. Although Nevada law gives delinquent HOA dues "superpriority" status over other liens, the Federal Foreclosure Bar preempts this law, and it protects the FHFA's assets from certain adverse actions, including "levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency." 12 U.S.C. § 4617(j)(3); *Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave.*, 996 F.3d 950, 958 (9th Cir. 2021) ("*Millikan*").

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The Federal Foreclosure Bar covers all of Freddie Mac's assets, whether they are security interests or title interests. *See Millikan*, 996 F.3d at 957. Here, at the time of the HOA sale, the Federal Housing Finance Agency ("FHFA"), as Freddie Mac's conservator, *see* 12 U.S.C. §§ 4511–13, had both a security interest and a title interest in the property.

Freddie Mac purchased the loan on the property from Countrywide Home Loans in 2006, and its loan servicer, Bank of America, was the publicly recorded deed-of-trust beneficiary as of 2009 (through its predecessor BAC Home Loans Servicing). Under Nevada law, this arrangement created a protectable security interest. Contrary to Saticoy Bay's position, "Nevada's recording statutes do not require [Freddie Mac] to be identified as the beneficiary of record on the Deed in order to establish its ownership interest in the loan, nor do they require [Freddie Mac] 'to otherwise publicly record its ownership interest.'" *Millikan*, 996 F.3d at 957 (quoting *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849 (Nev. 2019) (citations and alterations omitted)). All that is needed is Freddie Mac's "loan servicer and agent . . . listed as the beneficiary on the recorded Deed," *id.*, which was the case here.

Freddie Mac also obtained valid title by purchasing the property at an earlier foreclosure sale on March 7, 2012. Under Nevada law, "a foreclosure sale is complete and title vests in the purchaser once payment has been made by the highest

bidder." *Resources Grp., LLC v. Nevada Ass'n Servs.*, 437 P.3d 154, 158 (Nev. 2019). Even if Freddie Mac was required subsequently to record in order to establish its title interest, it recorded before Ferrell Street Trust did. Because Nevada is a race-notice jurisdiction, Freddie Mac would have therefore obtained superior title on this basis as well. *See Buhecker v. R.B. Petersen & Sons Constr. Co.*, 929 P.2d 937, 939 (Nev. 1996).

Thus, Freddie Mac had a protected property interest at the time of the HOA foreclosure sale, and the FHFA's consent was required to extinguish it. It is undisputed that the FHFA did not provide this consent. We further reject as unsupported Saticoy Bay's argument that Bank of America failed to establish with sufficient documentary proof Freddie Mac's interest in the property.

2.      Saticoy Bay's argument that Nevada's statute of frauds invalidates Freddie Mac's interest is "foreclosed by binding precedent," which recognizes that "the defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest." *Millikan*, 996 F.3d at 957 (quoting *Harmon v. Tanner Motor Tours*, 377 P.2d 622, 628 (Nev. 1963)). Saticoy Bay objects that prior cases involved different provisions, but the holdings in these prior cases were not limited to the specific statutes at issue. *See, e.g.*, *Easton Bus. Opportunities, Inc. v. Town Exec. Suites*, 230 P.3d 827, 832 n.4 (Nev. 2010) (describing this as the "general law" applying to "statute of frauds provisions"). Thus, given that the

4

contracting parties were either Freddie Mac and Countrywide Home Loans (for the loan interest) or Freddie Mac and Bank of America (for the title interest), Saticoy cannot raise the statute of frauds defense.

3.     Saticoy's argument that it is protected as a bona fide purchaser also fails. Saticoy Bay was not a bona fide purchaser, *see Millikan*, 996 F.3d at 957–58, and the Federal Foreclosure Bar would preempt Nevada's bona fide purchaser rules if they purported to allow the extinguishment of Freddie Mac's interest in the property. *See* 12 U.S.C. § 4617(j)(3); *Nationstar Mortg., LLC v. Guberland LLC-Series 3*, 420 P.3d 556 n.3 (Nev. 2018) (unpublished table decision) ("[T]here is some recent authority suggesting that the Federal Foreclosure Bar would preempt Nevada's law on bona fide purchasers.").[1]

**AFFIRMED.**

---

[1] We may consider the Nevada Supreme Court's unpublished decisions to the extent they "may lend support to a conclusion as to what the Nevada Supreme Court would hold in a published decision." *U.S. Bank, N.A. v. White Horse Ests. Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021) (quotations and alterations omitted).